ALTENBERND, Judge.
Kathleen M. Geezil, the daughter of George B. Savage, appeals an order resolving several disputes in the probate of her father’s estate. We affirm all of the probate court’s rulings with the exception of a directive that funeral expenses be paid from a specific account. In light of the *868 extensive litigation that has undoubtedly created a larger than expected quantity of class 1 expenses,[1] the probate court will need to consider the order in which assets abate under section 733.805, Florida Statutes (2007), as well as the order of the payment of expenses and obligations under section 733.707, Florida Statutes (2007), when determining the payment of claims and approving any distributions.
George Savage, who passed away in March 2008, apparently prepared his own will in Massachusetts in 2000. The unusual document is a valid will. It generally divided property between Mr. Savage’s second wife and his daughter from his first marriage, Ms. Geezil. Unfortunately, the will discussed not only property that would be included within Mr. Savage’s probate estate, but also property that he owned by the entireties with his wife that would not be included within his estate. The will did not dispose of all of Mr. Savage’s personal property and did not contain a residuary clause. These deficiencies contributed to the daughter’s decision to litigate several issues. In light of the relatively small size of the estate, the litigation has undoubtedly proven to be a noneconomic decision.
The will made several devises to Mr. Savage’s daughter and his three nephews. It is clear that the devises of the four “Wizard of Oz” plates to the daughter, a “marble bust of Michelangiolo” to one nephew, and Mr. Savage’s “Grandpa, Joe O’Rourke’s Knight’s of Columbus Sword” to another nephew were specific devises. Based on the language of the will, we conclude that the probate court correctly determined that the devise of an investment account to the daughter was a general devise, as was the devise of $2000 to one nephew. Likewise, the probate court properly determined that certain personal property, primarily household items, passed by intestacy in equal shares to Mr. Savage’s wife and daughter. The probate court also properly determined, under the evidence at trial, that certain bank and financial accounts that were in the names of both Mr. Savage and his wife were held as tenants by the entirety.
The daughter, as a party in interest, objected to the wife’s claim for funeral and burial expenses she had incurred. Initially, the wife sought approximately $17,000. As a result of the daughter’s objection, the wife filed a timely independent action, which ultimately was transferred to county court as an action seeking $14,892.25. Before the county court action was concluded, the co-personal representatives of the estate agreed to compromise the claim for $10,000. Over the objection of the daughter, the probate court approved this compromise pursuant to section 733.708. We reject the daughter’s argument that the probate court could not compromise this claim while the matter was pending unresolved in county court. Section 733.708 expressly gives the probate court power to compromise claims “whether in suit or not.”
In the order on appeal, the probate court determined that the $10,000 funeral expense could be paid to the wife immediately from the investment account that is a general devise to the daughter in the will. This decision was undoubtedly influenced by the fact that the funeral had occurred approximately five years before the trial in the probate court. Although this account appears to be the only liquid asset of this estate and may well ultimately prove to be the source of payment, the funeral bill is *869 partially a class 2 claim and partially a class 8 claim. See § 733.707. From the discussion at oral argument, we know that the claim has not yet been paid. In light of the limited size of the estate and the uncertainty of class 1 claims, we reverse this specific instruction in the order. On remand, the probate court will need to comply with the order in which assets abate under section 733.805 as well as the order of the payment of expenses and obligations under section 733.707 when ordering the payment of claims prior to the distribution of estate property.
Affirmed in part, reversed in part, and remanded.
DAVIS, C.J., and SLEET, J., Concur.

. See § 733.707, Fla. Stat. (2007) (establishing the order of the payment of a probate estate's expenses and obligations).